TAPPER *vs.* WARREN ET AL.

York County. Decided March 26, 1930. Action of assumpsit to recover damages for alleged breach by defendants of contract to purchase real estate.

By their contract under seal, dated January 20, 1923, the plaintiff agreed to sell to defendants, and defendants agreed to purchase of plaintiff certain real estate situated in Lynn, Massachusetts. The contract was made at an attorney's office in Lynn; the plaintiff and her husband then lived and now live in Lynn; the defendants then lived and have continued to live until the present time in South Berwick, Maine. By the terms of the agreement said premises were "to be conveyed on or before February 28, 1923 by warranty deed . . . conveying a good and clear title to the same, from all encumbrances." The purchase price was nineteen thousand dollars, of which the defendants paid two hundred dollars as a deposit upon the execution of the agreement. The premises were subject to four mortgages aggregating in principal amount ten thousand dollars. The plaintiff agreed "to raise" (i.e. to secure or obtain) for the defendants a "ten thousand dollar standing

mortgage on the granted premises," to run for a period of five years with interest at six per cent payable semi-annually. "At the time of passing final papers" the defendants were to pay four thousand eight hundred dollars in cash, and to give to plaintiff a note for four thousand dollars payable on terms stated in the agreement, and secured by a second mortgage upon the property in question. The "time of passing of final papers" was not agreed upon except as within the limit above stated, and the place therefor was not mentioned in the agreement or otherwise agreed upon.

The record fails to show any breach of their agreement by the defendants. The acts to be performed by the respective parties were to be concurrent acts by the express terms of the contract.

The defendants were not called upon to tender the cash payment, nor to execute the second mortgage, and they could not execute a first mortgage for ten thousand dollars until they had been notified that the plaintiff had procured for them the "standing mortgage" of that amount and was ready to convey the property by warranty deed, giving a good and clear title free of encumbrances. The record fails to show that she, or anybody in her behalf, did this, and the defendants testify positively, without contradiction, that they received no communication from the plaintiff, or anybody in her behalf, relating to the contract or property. They are not shown to be in default. *Brown* v. *Gammon*, 14 Me., 276; *Appleton* v. *Chase*, 19 Me., 74; *Brown* v. *Davis*, 138 Mass., 460; *Warren* v. *Wheeler*, 21 Me., 484, 490. Motion overruled. *Leroy Haley*, *White & Willey*, for plaintiff. *F. Roger Miller*, for defendants.